SIXTH DIVISION

October 5, 2001

No. 1-00-1066

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. ) No. 98 CR 29843

)

HASAAN ECHOLS, ) The Honorable

) James R. Epstein,

Defendant-Appellant. ) Presiding Judge.

JUSTICE BUCKLEY delivered the opinion of the court:

Following a bench trial, defendant Hasaan Echols was convicted of burglary and sentenced to a Class X prison term of 20 years based on his criminal history.  On appeal, defendant contends the mandatory Class X sentencing provision of section 5-5-3(c)(8) of the Unified Code of Corrections (the Code) (730 ILCS 5/5-5-3(c)(8) (West 1998)) is unconstitutional because it required his sentence to be increased based on prior convictions that were not charged in the indictment, submitted to a jury and proved beyond a reasonable doubt.  

Defendant was convicted of burglary, a Class 2 felony (720 ILCS 5/19-1 (West 1998)).  Although a Class 2 felony provides for a possible prison sentence from three to seven years (730 ILCS 5/5-8-1(a)(5)(West 1998)), defendant's prior convictions required him to receive a Class X prison sentence based on section 5-5-3(c)(8) of the Code.  A Class X prison sentence ranges from 6 to 30 years, and the court imposed a 20-year sentence.  730 ILCS 5/5-5-3(c)(8) (West 1998).

In this appeal, defendant contends that the mandatory Class X sentencing provision of section 5-5-3(c)(8) of the Code is uncon-stitutional under 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). 

This court recently addressed and rejected defendant's exact contention in 
People v. Lathon
, 317 Ill. App. 3d 573 (2000).  In 
Lathon
, the defendant argued that section 5-5-3(c)(8) was unconsti-tutional pursuant to 
Apprendi
 because it increased the maximum penalty to which the defendant was subject without any requirement of notice of the facts that subjected him to that increased penalty and a jury determination of whether those facts existed upon proof of a reasonable doubt.  This court rejected the defendant's argu-ment, noting that a defendant's recidivism is a narrow exception to the general rule articulated in 
Apprendi
 that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be alleged in the charging document, submitted to a jury, and proved beyond a reasonable doubt."  
Lathon
, 317 Ill. App. 3d at 587.  This court determined that 
Apprendi
 does not render section 5-5-3(c)(8) unconstitutional because the ruling in 
Apprendi
 specifically excluded increased penalties based on prior convictions.  
Lathon
, 317 Ill. App. 3d at 587; see also 
People v. Ramos
, 318 Ill. App. 3d 181, 193 (2000).  We agree and find defen-dant's argument without merit.   

Accordingly, the judgment of the circuit court is affirmed.  

Affirmed.

Gallagher, P.J., and O'Mara Frossard, J., concur.